## Temistocles Ramirez DE ARELLANO, et al., Appellants

v.

## Caspar W. WEINBERGER, Secretary of Defense, et al.

### No. 83–1950.

United States Court of Appeals, District of Columbia Circuit.

April 18, 1986.

Mark R. Joelson, Jerry D. Anker, Greer S. Goldman, Mark N. Bravin and Don Wallace, Jr., Washington, D.C., were on brief, for appellants.

Richard K. Willard, Acting Asst. Atty. Gen., Dept. of Justice, Joseph E. diGenova, U.S. Atty., William Kanter, John M. Rogers and Michael Jay Singer, Attys., Dept. of Justice, Washington, D.C., were on brief, for appellees.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before ROBINSON, Chief Judge, and WRIGHT, MIKVA, EDWARDS, GINSBURG, BORK, SCALIA, STARR, SILBERMAN and BUCKLEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This case is before us on remand from the Supreme Court. Almost three years ago, plaintiffs filed suit in United States District Court, claiming an unconstitutional intrusion onto their privately owned cattle ranch in Honduras by United States military personnel. Asserting that U.S. personnel had unlawfully established a Regional Military Training Center (RMTC) on their property, plaintiffs sought declaratory and injunctive relief. The District Court dismissed the action on the ground that the complaint presented a nonjusticiable political question. 568 F.Supp. 1236 (D.D.C. 1983).

On appeal, a divided panel of this court affirmed the dismissal. Although the panel unanimously rejected the District Court's political-question analysis, the majority concluded that general principles of equity barred the suit by virtue of the "particular foreign affairs context" of the litigation and other factors counselling restraint. 724 F.2d 143, 156 (D.C.Cir.1983).

On plaintiffs' suggestion for rehearing en banc, the full court reversed the District Court's dismissal of the suit and remanded the case for proceedings on the merits. 745 F.2d 1500 (D.C.Cir.1984). A divided en banc court held that plaintiffs' complaint stated claims for relief as to its allegations that defendants' occupation and use of plaintiffs' property was beyond the powers of the Executive Branch and was accomplished without the notice and hearing required by settled principles of due process. Moreover, the en banc court determined that the question whether equitable relief was appropriate should be decided by the District Court after a fuller record had been developed on remand. The Supreme Court subsequently granted the Government's petition for a writ of certiorari, vacated the en banc court's judgment and remanded the case "for reconsideration ... in light of the Foreign Assistance and Related Programs Appropriations Act, 1985, Pub.L. No. 98–473, 98 Stat. 1884, 1893–1894 and other events occurring since October 5, 1984." [1] —— U.S. ——, 105 S.Ct. 2353, 2354, 86 L.Ed.2d 255 (1985).

The Foreign Assistance and Related Programs Appropriations Act authorizes the use of funds for a U.S.-financed RMTC in Honduras subject to various specified conditions. After failing to reach agreement with the Honduran Government concerning the operation of a RMTC in compliance with the Act's requirements, the United States Government decided to discontinue its participation in the former Honduran RMTC situated on land claimed by plaintiffs. It is undisputed that since November 27, 1985 all U.S. military personnel have departed and all U.S.-owned facilities have

---

**1.** The *en banc* court's decision was rendered on     October 5, 1984.

been removed from that land.[2] Upon consideration of these recent developments, we are persuaded that dismissal of the complaint should be upheld on the narrow ground that the controversy has now become too attenuated to justify the extraordinary relief sought through equity's intervention. *See Community for Creative Non-Violence v. Hess,* 745 F.2d 697 (D.C. Cir.1984).

As stated in their complaint and as originally presented to the *en banc* court, "[p]laintiffs' sole claim is that officials of the U.S. Government are wrongfully using and occupying plaintiffs' land, and they seek nothing more than relief against that wrongful use and occupation." Appellants' Reply Brief on Rehearing *En Banc* at 11; *see also* Appendix on Rehearing *En Banc* at 12–13 (Verified Complaint); 745 F.2d at 1505, 1512, 1531; *id.* at 1545, 1546 (Tamm, J., dissenting).[3] The *en banc* court, as we noted above, held that evaluation of the propriety of equitable relief "must await factual development of the case on the merits" inasmuch as "the equities favoring relief might be quite powerful." 745 F.2d at 1528 (footnote omitted). That conclusion was based on Mr. Ramirez's claim of "an unconstitutional intrusion onto his private property by military officials of the United States, which threatens the loss of his land, his 20-year-old investment, his labors, and even his life." *Id.*

But the intervening withdrawal of all U.S. military personnel and facilities from plaintiffs' land has fundamentally altered the balance of equities. Now that equitable relief would not halt an asserted, ongoing violation but would merely forestall a potential violation, it is far from clear that a favorable disposition of plaintiffs' claims on the merits would warrant equitable relief that intrudes into the conduct of foreign and military affairs. *See Adams v. Vance,* 570 F.2d 950 (D.C.Cir. 1977); *cf. Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) ("[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.") (citation omitted). In particular, it is doubtful whether "in view of the character of the injury [claimed by plaintiffs] equitable relief by injunction is essential in order to afford the protection to which [they] are entitled." 745 F.2d at 1531 (quoting *Sterling v. Constantin,* 287 U.S. 378, 403, 53 S.Ct. 190, 197, 77 L.Ed. 375 (1932)); *see also Hurley v. Kincaid,* 285 U.S. 95, 104 n. 3, 52 S.Ct. 269, 76 L.Ed. 637 (1932) ("[W]here large public interests are concerned and the issuance of an injunction may seriously embarrass the accomplishment of important governmental ends, a court of equity acts with caution and only upon clear showing that its intervention is necessary in order to prevent an irreparable injury.") (citations omitted).[4] Under the circumstances now before us, we conclude that plaintiffs are unable to "demonstrate that there was no reasonable basis for the District Court's decision." *United States v. W.T. Grant Co.,* 345 U.S. 629, 634, 73 S.Ct. 894, 898, 97 L.Ed. 1303 (1953) (footnote omitted).

In view of the narrow basis for our affirmance, however, we instruct the District Court to modify its judgment to effect dismissal without prejudice so as not to bar reinstatement of the suit in the event the challenged activity resumes. *See Hess, su-*

---

**2.** The continued presence of U.S.-constructed facilities may be relevant to mootness considerations but provides no grounds for injunctive relief. Plaintiffs never sought, nor could we issue, an injunction against the Honduran Government or its agents to remove Honduran military structures from Honduran land. *See* Appellants' Reply Brief on Rehearing *En Banc* at 11.

**3.** Although plaintiffs now state their intention to add a claim for damages, we believe the orderly administration of justice requires, under all the circumstances of this case, that any such claim be brought to the appropriate court of first instance in a new complaint.

**4.** Attenuation of a controversy also provides grounds for denying declaratory relief. *See Hess, supra,* 745 F.2d at 701; *cf. Ramirez, supra,* 745 F.2d at 1532 (declaratory relief may be justified given strong showing of equities favoring equitable relief).

*pra,* 745 F.2d at 702; *cf. W.T. Grant, supra,* 345 U.S. at 636, 73 S.Ct. at 899.

*It is so ordered.*